**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM C. PEAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1761 |
| | ) | |
| PENNSYLVANIA STATE POLICE, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant, | ) | |
| | ) | |

**ORDER**

Plaintiff has filed a Motion for Reconsideration of this Court's June 10, 2015, Memorandum

and Order (Doc. 45) granting summary judgement in favor of Defendant.[1]  Plaintiff also seeks an

opportunity to engage in oral argument on the matter.  For the reasons stated herein, Plaintiff's

Motion for Reconsideration will be denied.

A proper motion for reconsideration "must rely on one of three grounds:  (1) an intervening

change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error

of law or prevent manifest injustice."  Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)

(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  Plaintiff

has not identified any intervening change in controlling law or any new evidence, nor has he

demonstrated a need to correct a clear error of law or prevent manifest injustice.

Plaintiff does correctly point out that the Court declined to discuss his argument that he was

placed on desk duty, allegedly in violation of "AR5-2."  The fact that Plaintiff was placed on desk

duty during his training period, perhaps in violation of proper practice, does not alter the Court's

---

[1]    A complete factual history of this matter is set forth in the June 10, 2015 Memorandum and
Order.

decision, as the record reflects that said action was taken in order to limit the damage Plaintiff would cause.

Plaintiff does not argue that there has been an intervening change in controlling law, or that there is newly available evidence. See Lazaridis, 591 F.3d at 669. Rather, Plaintiff disagrees with the Court's interpretation and application of the law, and with our findings of fact. He has not, however, established that the Court committed a clear error of law or that reconsideration is necessary to prevent manifest injustice. Id. Accordingly, there is no basis for reconsideration, and Plaintiff's motion is denied.

IT IS SO ORDERED.


June 19, 2015                                              s\Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States District Judge

cc (via ECF email notification):

All counsel of record